## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **NATHAN DIGRE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.** |
| | ) | |
| **JOCKEY INTERNATIONAL, INC.** | ) | |
| **d/b/a/ COOPERS 12SOUTH** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.     NATURE OF THE CASE

1.     Plaintiff, Nathan Digre ("Plaintiff"), by Counsel, brings this action against Defendant, Coopers 12South/Jockey International, Inc., ("Defendant") for violating Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. § 2000e *et. seq.* and the Tennessee Human Rights Act § 4-21-101 ("THRA").

### II.     PARTIES

2.     Plaintiff is a resident of Davidson County, Tennessee, who at all relevant times to this action resided within the geographical boundaries of the Middle District of Tennessee.

3.     Defendant maintains offices and routinely conducts business within the geographical boundaries of Davidson County and the Middle District of Tennessee.

### III.     JURISDICTION AND VENUE

4.     Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 42 U.S.C. §2000e-5(f)(3).

5.     Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and THRA §4-21-102(5).

6.     Plaintiff was an "employee," as that term is defined by 42 U.S.C. § 2000e(f) and the THRA.

7.     Plaintiff satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination (Charge No. 494-2025-03959) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination and retaliation based on his report of sexual harassment. Plaintiff received his Notice of Suit Rights and timely files this action within ninety (90) days of receipt.

8.     A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Middle District of Tennessee; thus, venue is proper in this Court.

## IV.     FACTUAL ALLEGATIONS

9.     Digre was hired by Defendant on or about November 25, 2024, and worked most recently as a General Manager. At all times relevant, Digre met or exceeded Defendant's legitimate performance expectations.

10.     On or about April 1, 2025, Assistant General Manager Alexis Stratton confided in Digre and disclosed that when a certain male Consultant to the Defendant would visit the store, he would become uncomfortably close with her. The Consultant would hug Stratton for a long time and place his hand on her back. Stratton notified Digre that she wanted to report the sexual harassment but was afraid of retaliation since the Consultant was retained by the company at a higher level.

11.     Digre fulfilled his legal and ethical duties by reporting the sexual misconduct to Katie Kilinski, General Manager, who experienced similar sexual misconduct from the Consultant of the Company. Kilinski stated that she had, "picked up on it one time before". Instead of immediately acting, Kilinski asked Digre if this was really an emergency that should be addressed with urgency. Digre responded that a conversation needed to be held. To Digre's knowledge, Kilinski then escalated the report to Lisa Gagnon in Human Resources. When Stratton learned of Digre's report, she became visibly upset and angry.

12.     On or about April 22, 2025, less than a month after his report, Kilinski and Gagnon met with Digre at the store and confronted him with a list of twelve [appearing to be] separate allegations. The Defendant stated that Digre was suspended for allegedly having inappropriate conversations on the sales floor, making sexual comments, and making statements that he was displeased with company management. The twelve allegations did not include any names of who reported, any names of who was involved, any dates, or any times.

13.     The Defendant stated that they "needed to dig deeper" and ordered Digre to hand over his set of company keys. As Digre was leaving, Kilinski paused him to tell him that she was sorry. Digre was not given any opportunity to defend himself or provide any information.

14.     During his employment, Digre was never confronted about or disciplined for alleged inappropriate discussions or behaviors. Digre never engaged in any inappropriate conduct.

15.     On April 25, 2025, Digre was terminated via phone call from Kilinski and Gagnon for allegedly being "too personal" with fellow employees, stating that it was causing team morale to go down.

3

16.     Defendants reason for termination is pretext for retaliation against him in violation of Title VII due to his internal report, on behalf of a colleague, of sexual harassment from a senior member of the company. To Digre's knowledge, the Consultant was not disciplined for his behaviors.

17.     Following the Digre's termination, Stratton, who did not engage in protected activity, was then promoted into Digre's previous role of General Manager.

## V. CAUSES OF ACTION

### COUNT I: TITLE VII – RETALIATION

18.     Digre hereby incorporates paragraphs one (1) through seventeen (17) of his Complaint as if the same were set forth at length herein.

19.     Digre engaged in protected activity when he reported a sexual harassment claim experienced by a subordinate employee.

20.     Plaintiff reasonably believed that the conduct he reported constituted sexual harassment prohibited by Title VII.

22.     Shortly after engaging in protected activity, Plaintiff was subjected to adverse employment actions including suspension and termination. The reasons articulated by Defendant for Plaintiff's suspension and termination are pretext and were not supported by facts, dates, witnesses, or prior disciplinary history.

23.     Defendant's actions were intentional, willful, and in reckless disregard of Digre's rights as protected by Title VII.

24.     Digre suffered damages as a result of Defendant's unlawful actions.

### COUNT II: THRA - RETALIATION

25.     Digre hereby incorporates paragraphs one (1) through twenty-four (24) of his Complaint as if the same were set forth at length herein.

26.     Plaintiff engaged in protected activity under the THRA by reporting sexual harassment perpetrated against a female employee by a Consultant retained at a senior level within Defendant's organization.

27.     Defendant was aware of Plaintiff's protected activity and thereafter subjected Plaintiff to adverse employment actions, including suspension and termination.

28.     The close temporal proximity between Plaintiff's protected activity and his termination supports an inference of retaliatory intent under the THRA.

29.     Defendant's actions are in violation of the THRA.

30.     Defendant's actions were intentional, willful, and taken in reckless disregard of Digre's rights as protected.

31.     Digre has suffered damages as a result of Defendant's unlawful actions.

## VI.     <u>REQUESTED RELIEF</u>

WHEREFORE, Plaintiff, Nathan Digre, respectfully requests that the court enter judgment in his favor and award him the following relief:

1.  Reinstate Plaintiff's employment to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions and/or payment to Plaintiff of front pay in lieu thereof;

2.  Award all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.  Award compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5

4. Award compensatory damages for violations of Title VII and the THRA;

5. Award punitive damages for violations of Title VII and the THRA;

6. Award all costs and attorney's fees incurred as a result of bringing this action;

7. Award pre-and post-judgment interest on all sums recoverable; and

8. Award all other legal and/or equitable relief the Court sees fit to grant.

Respectfully submitted,

By: */s/ Rachel Ringer*_____
Rachel Ringer, TBPR No. 041951
Kyle F. Biesecker, TBPR No. 028872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone Number: (615) 783-2171
Email Address: rringer@bdlegal.com
           kfb@bdlegal.com

*Counsel for Plaintiff, Nathan Digre*

## DEMAND FOR JURY TRIAL

Plaintiff, Nathan Digre, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

By: */s/ Rachel Ringer*_____
Rachel Ringer, TBPR No. 041951
Kyle F. Biesecker, TBPR No. 028872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203

6

Telephone Number: (615) 783-2171
Email Address: rringer@bdlegal.com
kfb@bdlegal.com

*Counsel for Plaintiff, Nathan Digre*